The opinion of the Court was delivered hy
Mr. Justice Johnson.
The ground taken, as well as the arguments and authorities offered in its support, are predicated on the mistaken supposition that the trial had been entered into, or, in the words of the brief, that the prisoners had been put on their trial. At what particular period, in the progress of the arraignment and other, formalities usual, and perhaps necessary, preparatory to a trial, the trial may be said to be entered into, or at which it may be said the prisoner is put on his trial, may be a question of some nicety, and it appears to me to be wholly unnecessary to consider it here; for it must appear evident, that a prisoner cannot be put on his trial, unless he is before a Court in every respect competent to try the offence with which he is charged. How is the fact in this case ? One of the members of the Court, indispensably necessary to the trial of this offence, a Jury, was wanting. To constitute a Jury, every lawyer knows that twelve lawful men are necessary, and that without this number no Jury can exist; the eight sworn, although they constituted so many constituent parts, were not a Jury, and, therefore, were incompetent to pronounce a verdict; and for the reasons stated, it was impossible to supply the deficiency. *157 The prisoners could not, therefore, be said to have been put on their trial, and consequently' are not entitled to the benefit of the rule insisted on in their behalf.
Bay, JYolt, ColcocJc, Gantt, and Cheves, J. concurred.